Learned, P. J.
The only question before us is, whether the court was correct in non-suiting the plaintiff, on the ground of his contributory negligence. It has often been stated that contributory negligence is generally a question for the jury. And it seems to us that this case is no exception to that rule.
The accident by which the plaintiff’s property was injured was the fall of a bridge in a highway, over which plaintiff’s team and wagon were passing.
And the contributory negligence claimed to exist arose simply from the alleged knowledge of the plaintiff that the bridge was dangerous. There was nothing in the manner of driving across that was careless. But defendant says, that the plaintiff should not have crossed at all. Nor had there been any public notice given that the bridge was unsafe and must not be used. On the contrary, the bridge was open to public travel, and by that circumstance an assurance of its safety was given to the public. In this view, before the plaintiff could be charged with negligence in driving upon the bridge, there was certainly needed some very definite and positive knowledge on his part that the bridge thus asserted to be safe by the public officers was in fact unsafe. To a considerable extent he was justified in trusting to the judgment of these public officers. Of course he would not be justified in running into a plain and evident danger. But acting as a prudent man, he might believe that the public officers had probably attended to their duty.
The proof of plaintiff’s knowledge is substantially this. The accident happened the latter part of October. About the first of June, plaintiff told one of the highway commissioners that the bridge was in a dangerous condition; one *643 of plaintiff’s horses had stepped through a plank that looked quite good. The next day the commissioners put a piece over the place where the horse broke through, and in a few days repaired it. The plaintiff says he referred to the general condition of the bridge as dangerous. He saw in passing the bridge that one brace was giving out, and Some deficiencies of that kind; paid no particular attention; saw one of the braces was being rotted off. This is all the evidence of plaintiff’s knowledge on this matter.
■ That he said in June that the bridge was dangerous, is not as a matter of law conclusive that he knew it to be dangerous in October. Nor is the fact that he saw a brace was giving out.
To say that a bridge was dangerous would not necessarily imply that there was probability of its immediate fall. The language may have been used to impress the commissioner forcibly with his duty. And further, the plaintiff saw that from June to October the bridge had been used without falling. So that he may have thought that his fears were unreasonable.
In this view we are satisfied that the nonsuit was improperly granted.
Judgment reversed and new trial granted, costs to" abide the event.
Williams and Landon, JJ., concur.